Smith, do you want to reserve some time for rebuttal? Yes, Your Honor. Seven minutes. Seven minutes. Good morning, Your Honors. One second. Let's have the clerk get back to the control panel. Seven minutes yet. Go ahead, please. Okay. Good morning, Your Honors. Andrew Smith for the appellant. Please, the Court. Sue me just for argument and only at the beginning of my argument that appellee is correct and that there's an order to vacate and I understand an order to vacate is a bit different than a, you know, order of right for possession. Some cases say it's a tort, but assuming all that's correct and assuming which is really, I'm going to really not assume later that when you don't immediately vacate immediately, now you've done some tort and those holdover damages are damages. So while that's true, then the question comes up, when was the first proper order to vacate? When was the first order that was executable and somebody was compelled to vacate? And I think, I don't know if I'm playing at it right to think it wasn't until June 20th. Just a quick question here. I mean, the order to vacate doesn't establish who has the right to possession. I mean, that's statutory, right? Well, right. I mean, the order to vacate is get out. That's execution of somebody's right. There's a difference between the two, right? Of course, I agree with that. But just basically, what I think happened here was quickly there was, of course, the notice of your right to stay or the presumption to holdover. That's not an order. I don't think it would be a 523 86 violation that you don't say, oh my goodness, my license is expired. I'm going to leave. Then the order to vacate from the probate court. Why not? If you know that's happened, if you know you have no legal right to remain, and you deliberately stay on with that knowledge, why would that, could that not be a 523 86 violation? Well, two things. If we're talking about the right license, that doesn't say the converse when the license is up. You have no right. You might have rights such as you were in possession and two arguments on that. If your honor is correct, then any defense of a suit at all, you have a logical reason to think you can defend yourself. And you defend yourself. Now you lose. That then becomes a tort. Not only that,  every UD case, you could argue that. My hypothetical was, you know you're supposed to get out. So, in this case he did, what was his challenge? He challenged the will, correct? Yes. Okay. And when was that disposed of? Well, it was before it was before that license. Well, no, no. It was after the will was, that's another mistake in this case. That was when there was a final probate order that just asked the typical probate, please wind up and find everyone's rights. He wasn't named as a respondent or another party in that motion. And when it was granted, I think in March 26, 2020 it said, you know, so and so is the owner, so and so is this, but he must vacate. It didn't give a time it just said he doesn't have a right. It said that. Now the probate judge didn't think that was enough to get him evicted, because it went up on appeal, and when it finally came down, the probate judge saw what's wrong with it. He hadn't been named as a party, he wasn't it was just kind of findings of fact, really, of when a probate winds up. So the probate judge told L.E., you better go file the U.D. case. And when they filed the U.D. case, then the U.D. judge said, that's not right either. You gotta file a motion in order to vacate. When they finally did that, and they finally got an order on June 20th, 22, now they have an order that you can argue you're compelled to obey. It says immediately vacate, and he doesn't leave. He left a little before the sheriff locked off on September 15th. So is this damages at all? Our argument is it's from June 20th, 22 to September 15th. But to get back to your Honor's question, you know, I understand the point. You know, often times you're sued for a U.D. case, for example, and you haven't paid the rent, and you know you're wrong. You missed the rent, and you better go. Now they give a writ of execution. Nobody really leaves. The sheriff gives a writ notice two or three weeks later, and if they're smart, they move the day before. If that would be under 523A6, would be a tort that becomes non-distortable, your Honor, this court would be inundated with such torts because there couldn't be a more common dispute and fact scenario in California courts than the U.D. courts, full of people who get orders to leave. None of them go the day after. The majority of those cases get dismissed because the tenant has absolutely no interest in prosecuting a bankruptcy case. Right, so we would not be inundated with 523A6 torts. Maybe you wouldn't be inundated, but the ones, even if you took a survey statistic of the ones that survive, you don't see any adversaries. I only found one case, unpublished case that supports appellee. One in all of the USA of one case, and it actually only distinguished between ejectment and U.D. And I might really mention here, this was a summary judgment, so the presumptions are was there a trial issue in 523A6 or the mental element of you can intend to vindicate your rights, you can also intend to just, as the old saying goes, vex and annoy and bother and you don't like them and they're going to cause some damages. That second one is a necessary finding on 523A6. This is a summary judgment. Without that finding, was it even listed in the list of undisputed facts? It wasn't found, it wasn't mentioned and if it was, the presumptions I think in our, in this case, even in front of an appellate court, still in our favor, I think there's a triable issue of fact there. Secondly, the my client, you know, the judges themselves, if the probate judge didn't know it was let's say it should be eviction or it should be vacate and one's accord and one's not and even the superior court judge didn't do it, my client shouldn't be you know, sit there, no defendant acts like this, my goodness, you know, they're really right because you often think that in a case I'm just going to get up and leave. So I don't think that element's met and a few other items, this was all litigated in a way in front of the state courts that this really what they're mad about is there was a lot of misfires they didn't really get a proper enforceable order for a year or two because the probate judge made a bit of a mistake, he can't order someone out who was not named in the motion, he did it in his findings, he saw his mistake and he said no, go to a U.D. The U.D. court said no, that was wrong. Finally when they got on track, none of this is the fault of my client. He's living there the whole time rent free. Pardon me? He's living there rent free. And what's the basis of him living there? That's the underlying problem here. Is that it? Well, the basis is he was married to the person who died and he had 60 days after the final probate to get out. Yes, but I don't think, no, well, after the final probate, well, perhaps, but the judge, probate judge didn't think that, he thought his order was only findings. No, no, no, that was as to the enforcement of getting out. What was his basis to stay? Other than your peaceful possession. He had it. But why did he have it? Why was he entitled to be in there? Well, I'm focusing on, you know, at the end of the day, when people really, lawyers pour over this and go through the cases, they finally think, okay, he's not entitled, but I'm focusing on, like, the balloon above his head. What's he thinking? And that is one, he might have known the rule that when you, you know, you appeal a probate case, that's the only other automatic stay I know of in the law. When you appeal, it's generally, you get a stay if a trustee is evicted in probate court. And you appeal, that guy stays as trustee. Now, apparently, but the stay, I think you're missing the, or maybe I'm missing the point. Because you're staying, this is the decision as to finality ostensibly in your argument. But what was he appealing that gave him the right to be there without paying the mortgage, without paying the rent, while other people are adjudicated to be the owner? Well, two things. One is, he thinks, as most people would think, even lawyers would think, well, I'm fighting it, and they're not working, and it's misfiring, and judges are on my side a bit, and the judges are keeping me here. Because the judge can give a writ of assistance that very day in front of the judge. You are defying my order. Here's a writ of assistance. Run to the sheriff. Get him out tomorrow. So, I, Your Honor's question seems to be like, if you're of legal mind, and you've really poured over this, you'll see, oh, he's wrong. He's not thinking like that. He's thinking like all the litigants that, I'm fighting it. He's also thinking that the person trying to kick him out of the house killed his wife, right? I might mention that, yes, Your Honor, and I know it sounds, you know, uh, uh, uh, religious and something you shouldn't say, I'm a steward of evidence, but, and, uh, but since you asked it, uh, and I know I'm bringing it up, but it's a pure legal issue, but under the litigation privilege, while you're in court, you can say that, and you, that cannot be a subsequent suit. And that's what this is, by the way. This is a subsequent suit. He got sanctioned for that. That's right. That's a final order. The litigation privilege issue is gone because there's a final order sanctioning it. Well, I'd like to agree with that and make another little comment about the phrase final order. If you're in front of a court, and you don't like what's going on, you go and you ask for certain sanctions. You get a number. Now you come to this court, I mean, the bankruptcy court, so now the only thing that should be litigated is dischargeability. The number's been fixed in the lower court. Why can you then go to the bankruptcy court? You know, I asked for sanctions for this, this, and this, the way that case was delayed under C, C.P. 128.7, equivalent of Rule 11. But I got some more I want. So I'm going to ask you, as part of the trial court, don't just determine dischargeability, but generally give me more sanctions. It would be like if somebody got a Rule 9-11 sanction in an adversary, so it's post-petition. Afterward, this guy goes to the district court, the other lower court. Well, it would be like Cohen v. Delacruz, right? Pardon me? It would be like Cohen v. Delacruz, and when there are damages, you're tallying up all the damages. You don't stop because you're in a different court. Well, no, no, but if you had your bite at the apple that you were talking about, really, I think it's equivalent to Rule 11, C.C.P. 128, and when you go to that court, the lower court, and you get a certain number, I think you're stuck with it. And you come back and say, I want to re-litigate and get higher. And I would, last thing, he, the person, this was somebody who was brain-dead, and the lady says, pull the plug. Now, it's hyperbole, and you shouldn't say these words, but you told him to pull the plug. Oh, my goodness you, it's murder. Okay, your court's right if we missed the time limit on that. That would have been the litigation privilege, but I don't think it's quite so outrageous that he goes to another court and gets damages he could have gotten in the lower court. Thank you, Your Honor. We're adjourned. Thank you. Mr. Napolitano? Thank you, Judge Ferris. Thank you for your support. My name is Anthony Napolitano, Buck Altura, appearing on behalf of the appellee, Roxanna Chamier. Your Honor, there's a lot to unpack in the appellant's argument there, and also in this case. One quote from the appellant's reply brief was quite striking. On page 29, he states to quote what an appellate court judge once said to the appellant's counsel in another case, we are not interested in hearing Smith on bankruptcy law. We want to know if you have any authority supporting these arguments. I fear that what this appellant just heard is nothing rooted in the facts of this case or any applicable case law that governs 523 86 actions dealing with trespass. I'd like to first start with the timeline, and I'll be brief, Your Honor.  sister passed away in January 2018. For the better part of the next year and a quarter, the appellant litigated the issues of the will, had three separate counsels in the probate action, challenged the holographic will, and it was unequivocally determined that the will was valid, such that the appellant, and this is something that Mr. Smith has glossed over completely, made 17 damning admissions in this case that unequivocally established he had no right to be at the property. He admitted that my client owned the house as her sole and separate property prior to her sister's death. He admitted that the probate court determined that the house belonged to my client. He admitted that following the filing of the inventory, and that's really a procedural device to list all of the assets within the probate estate. And it has significant consequences, and that's triggered by section 6500 of the probate code. And he admitted that once that by the statute, he had no right to live at that property following the expiration of the 60-day period. RFA 69, defendant admits he has no right to live at the property at any point in time after October 28, 2019. Does he vacate? No. Does he pay rent? No. Does he pay the mortgage? No. That was RFA 81. Sorry, 82. RFA 81, he did not pay any property taxes. My client, once it was unequivocally determined by the probate court that she had the right to the property, he had no further right after October 29, had to litigate this further. And that's where we get what we call the vacate order, in which the probate court stated the defendant had no right to the property, must vacate the property, the property is titled in Oksana's name. He appealed that order. And we heard today that there was a state pending appeal. First, that was never raised in a briefing before the bankruptcy court. That was raised at oral argument. And through the good fortune of having a laptop at present at the podium and Judge Blupond having access to her computer, that research was quickly done under Probate Code Section 1300-1310 and there was no stay applicable to this particular order. And the appellate court, the California State Appellate Court, even noted that when Mr. Brown appealed the probate order, the notice of appeal cited Code of Civil Procedure Section 917-4, which states that absent a bond, the perfecting of appeal does not stay in enforcement of the judgment of order, dealing with or directing the sale, conveyance, or delivery of possession of real property, which is the possession or control of the appellant. That is exactly what happened in this case. We have, and we didn't really even get into the 523-A6 issues, we unequivocally have a willful injury and a malicious injury here. The admissions established it, the bankruptcy court saw it, and the order was based on that. We have cases that we cited that deal with this. The Baker Field v. Hughes-Birch case 499-BR-134 provides that when, and this was in a similar context, this was also a will contest where the debtor in that case was devised three of eleven acres of a ranch and she failed to vacate the other remaining acres. And the court found that that constituted a willful injury and a malicious injury within the meaning of 523-A6. These are the issues of this case. These are the facts of this case. The appellant doesn't like them. The appellant's counsel doesn't like them and has just summarily glossed over all of these issues with some kind of manufactured argument that there was confusion at the probate court level, that there was confusion thereafter, and that there was confusion at the bankruptcy court level. There was no confusion in this case, Your Honor, at all. My client obtained an injectment judgment following the obtaining a relief from the state. Mr. Smith says, I believe you should be collaterally estopped to $15,000 in damages that was assessed, and we'll get to that in a moment. How is that even possible? You're out here in court, in person, and you decide to leave your house in Hawaii on VRBO. Someone moves in, they rent it for a week, they fail to leave. All of a sudden, you now have to go through a legal process. You then get an order of ejectment like we did here. You then have no idea how long it's going to take for the Sheriff's Department to exercise that order of ejectment. You have no idea how long the timing will take place in the litigation of that prior to you getting the ejectment. How can you obtain an order for damages without even knowing the duration or the extent of damage that may have been caused by waste or malicious injuries or property? You can't. And for the appellate counsel to say that this was that we were collaterally stopped from asserting a damages claim, it's nonsensical. It's absolutely nonsensical. And the Supreme Court really provides great guidance on this. And this is the case, Archer v. Warner, 538 U.S. 314. It says, Congress intended to allow the relevant determination whether a debt arises out of fraud, for example, to take place in the bankruptcy court, not to force it to occur earlier in the State Court at a time when non-dischargeability concerns are not directly an issue and neither party has full incentive to litigate them. Your Honor, my client was damaged. It was clear that Mr. Brown had no right to look at the property from and after October 28, 2019. We have asserted our damages. We have submitted 120 statements of undisputed facts. The defendant only contested 10 of them and it was more of the same as, this isn't fair, this doesn't seem right, this can't be right. We have damages. We have been damaged. The judgment should be firmed on appeal. For what point, what date, does the lost rent component of the damages run under the court's judgment? November 1, 2018. Which is the vacate order of the 60 days. It's not the vacate order, it's the termination of the license. Under the statute? Under the statute, yeah. Section 6500, the appropriate code. Any more questions? Thank you very much. Thank you, Your Honor. Thank you for reopening the courthouse. It's wonderful to be back in person. Nice to see everybody also. Thank you, Your Honor. Counsel cited Hughes-Birch as the only case that supports him on this type of damage. That's a trespass. The inheritance was a few parcels and the person didn't get any damage for staying in the parcels where she was in possession at the time. It was for divine in order. This is, don't go on to the other parcels. Trespass. And I've mentioned 523-86 requires the state court tort. What's the tort? It's not trespass, my client was in legal possession. It was a marital property. He didn't think he was in that legal possession, was he? Because the keyword in this didn't have a right to be there. He was physical. Physical, but that's a property type right. If somebody came on the property he could argue trespass. Nobody could walk on, including the appellee until the sheriff delivered it.  property being there. Let's suppose somebody is wrongfully in possession of another person's property. Isn't trespass the right cause of action for that? If not, what is the right cause of action? It is the right, but if you look at the cases even cited by appellee, the initial getting a possession has to be some sort of wrongful or tort. He was there, it was a marital property, he was married to the lady, but she left him there. I don't think there's any possession that's wrongful in your mind doesn't change anything. It would if there was a case, that's what I mentioned the judge saying we don't hear Smith on law, but where's even one case, even the subordinate with your honor, said that it's a tort under 523-862 remain. Let's say you're legally in possession because in this case it was marital property. Now they're fighting about it and you don't move. Where's there a tort? Where's there even one published case like this one that uses a statute that says you've got 60 days and then you're gone? Well it doesn't say that. Yes, of course it does. Okay, well it says you have a license to stay 60. When the 61st day comes you may have another argument for possession and I don't do you think this was done some re-judgment so there's been no tribal issue in fact that what litigant would say my goodness. The argument for possession is you haven't kicked me out yet. It's not that I get to stay. Yeah, but the law says that you still have some rights because you have not kicked me out yet and I was there legally because it was our marital property she left it to someone else. I'm saying where's the case? Where's the case that says it's a tort that I will hang around until you determine that the will was no good until I finally on appeal there's a proper order. Had they done it right they would have had an order, that last order they could have had years later but it misfired quite a few times. Not my client's fault. They're very angry and they want you over to save your time but thank you very much for the matter submitted. You'll get our decision promptly.
judges: FARIS, LAFFERTY, and SPRAKER